IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| CEDRIC CHARLES FIGGS, <br> TDCJ-CID # 623481, | § <br> § <br> § | |
| Plaintiff, | § <br> § | |
| v. | § <br> § | CIVIL ACTION NO. V-03-061 |
| MARTHA L. BURGESS, et al., | § <br> § <br> § | |
| Defendants. | § | |

## **MEMORANDUM OPINION AND ORDER**

Cedric Charles Figgs, a former inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), has filed a civil rights suit under 42 U.S.C. § 1983 against TDCJ-CID Unit Classification Officer Martha Burgess, Department of Public Safety Lab Director Thomas Davis, Texas Department of Criminal Justice Chair Christina Melton, and A.M. (Mac) Stringfellow for their alleged involvement in Figgs's forced submission to blood tests. Having examined the complaint, the court has determined that this action should be dismissed as frivolous.

Figgs alleges that, while he was incarcerated at the TDCJ-CID Stevenson Unit, a sample of his blood was taken for DNA testing after he was subjected to coercive verbal threats of physical force and disciplinary action. Figgs contends that he did not meet the criteria for DNA testing because he had not been convicted of a crime which required the procedure. Moreover, there was no court order mandating such a test. Figgs alleges that when he informed Burgess of the illegal testing she merely told him to file a grievance. Figgs did so without success.

Figgs does not allege that he suffered any disease or physical harm from the procedure. Instead, he contends that his due process rights were violated by the illegal taking of his blood.

Figgs seeks an injunctive order for the expungement of his records and the destruction of the DNA sample.  He also seeks $ 100,000 in punitive damages.

Figgs's complaint concerns his right to privacy under the Fourth Amendment.  *Groceman v. United States Dept. of Justice*, 354 F.3d 411, 413 (5th Cir. 2004), *citing Velasquez v. Woods*, 329 F.3d 420, 421 (5th Cir. 2003).  The Supreme Court has held that inmates do not have a legitimate expectation of privacy while they are incarcerated.  *Hudson v. Palmer*, 104 S.Ct. 3194 (1984).  The Supreme Court has also observed that the taking of blood samples for testing and analysis has become an accepted practice in everyday life.  *Skinner v. Railway Labor Executives' Ass'n*,  109 S.Ct. 1402, 1418 (1989), *citing Breithaupt v. Abram*, 77 S.Ct. 408, 410 (1957).

The TDCJ-CID officials were acting pursuant to Texas statutory law when they collected Figgs's blood sample.  *See* TEX. GOVT. CODE ANN. § 411.148 (West 2001).  Under that provision, TDCJ-CID inmates were required to provide blood samples or other specimens for the purpose of creating a DNA record if they were convicted of certain enumerated offenses or if they were ordered by a court to give samples.  *Id*.[1]  The Fifth Circuit has upheld the constitutionality of this statute, and  Texas inmates may be disciplined for refusing to give tissue samples.  *See Fuhrman v. Dretke*, 442 F.3d 893 (5th Cir.2006); *Velasquez*, 329 F.3d at 421.  Moreover, other circuits have upheld similar statutes authorizing the collection of DNA data from felons.  *Id*. *citing Roe v. Marcotte,* 193 F.3d 72, 78-82 (2nd Cir.  1999); *Shaffer v. Saffle,* 148 F.3d 1180, 1181 (10th Cir.1998); *Rise v. Oregon,* 59 F.3d 1556, 1559-62 (9th Cir. 1995); *Jones v. Murray*, 962 F.2d 302, 306-08 (4th Cir. 1992).  In general, prison inmates do not have an expectation of privacy with regard to collection of DNA samples.  *Groceman*, 354 F.3d at 413.  Even if the officials violated Texas law or prison procedures regarding their determination of Figgs's eligibility for blood testing, they have not

---

[1] Under the current statute, all TDCJ-CID inmates must submit DNA samples.  *See* TEX. GOVT. CODE ANN. § 411.148 (West 2005).

violated his constitutional rights. *See Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 2004). Moreover, Figgs cannot prevail because he fails to show that he suffered any physical harm from the blood test. *See* 42 U.S.C. § 1997e (e); *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir.2001); *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir.1999).

The federal courts are authorized to dismiss frivolous complaints filed by prisoners. 28 U.S.C. § 1915(e); *Martin v. Scott*, 156 F.3d 578, 579 (5th Cir. 1998). This action is frivolous because it lacks an arguable basis in law. *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).

### Conclusion

The court **ORDERS** the following:

1. This action, filed by Cedric Charles Figgs, TDCJ-CID # 623481, is **DISMISSED** because it is frivolous. 28 U.S.C. § 1915(e).

2. The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; and Betty Parker, United States District Court, Eastern District of Texas, Tyler Division, 2ll West Ferguson, Tyler, Texas 75702.

**SIGNED** on this 19th day of July, 2006.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE